IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 96-30283
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMELIE BROWN,

Defendant-Appellant.

Appeal from the United States District Court
for the
Western District of Louisiana
(95-CR-20042-01)
February 24, 1997

Before JOHNSON, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Amelie Brown appeals his convictions for interstate transportation of a stolen vehicle and making false claims and statements to an agent of the Federal Bureau of Investigation in violation of 18 U.S.C. § 2312 and § 1001 respectively. Brown contends that (1) the district court erred in denying his motion to suppress statements made to the FBI agents allegedly in violation of his Miranda rights, and (2) the district court erred in denying his motion for judgment of acquittal.

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

"In reviewing a district court's ruling on a motion to suppress based on live testimony at a suppression hearing, the district court's findings of historical fact must be accepted unless clearly erroneous or influenced by an incorrect view of the law." United States v. Foy, 28 F.3d 464, 474 (5th Cir.), cert. denied, 115 S. Ct. 610 (1994). After thoroughly review of the record in this case, we conclude that the district court's finding that Brown was properly advised of his constitutional rights prior to making statements to the FBI agents was not clearly erroneous. Thus, the district court's denial of Brown's motion to suppress statements made to FBI agents was proper.

In reviewing sufficiency of the evidence to support a criminal conviction this Court must determine whether, viewing the evidence in a light most favorable to the government, a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979). We find that a reasonable juror could have determined that Brown intentionally deprived the vehicle's owner of the benefit of its ownership and that Brown was properly convicted for violating 18 U.S.C. § 2312. See United States v. Martinez, 694 F.2d 71 (5th Cir. 1982).

A violation of 18 U.S.C. § 1001 requires five elements: "(1) a statement that is (2) false, (3) material, (4) made with the requisite specific intent, and (5) within the purview of government agency jurisdiction." United States v. Shah, 44 F.3d 285, 289 (5th Cir. 1995). In challenging his conviction under § 1001, Brown claims that his statement was not material. He asserts that

2

because the FBI agents were aware of the falsity of the statement before he made the statement, it could not have been material.

A material statement is defined as statement that has "a natural tendency to influence, or [one that is] capable of affecting or influencing, a government function." United States v. Swaim, 757 F.2d 1530, 1534 (5th Cir.), cert. denied, 474 U.S. 825 (1985). Importantly, "actual influence or reliance by a government agency is not required." United States v. Puente, 982 F.2d 156, 159 (5th Cir.), cert. denied, 508 U.S. 962 (1993). Thus, a statement may still be material irrespective of whether the government had prior knowledge of the falsity of the statement. As such, we find that a reasonable juror could have concluded that Brown made a material misrepresentation of fact with the intent to mislead agents of the FBI into believing that he was in lawful possession of the vehicle.

Accordingly, the district court did not err in denying Brown's motion to suppress or Brown's motion for judgment of acquittal.

AFFIRMED.